# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARIA DE BENAVIDE,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:07-cv-1056-Orl-28DAB**

**CARIBBEAN QUALITY, INC., GLENYS PICHARDO, EDER PICHARDO,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**     **MOTION TO COMPEL DISCOVERY (Doc. No. 27)**
>
> **FILED:**        **July 10, 2008**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

Plaintiff avers that Defendants have completely failed to respond to outstanding discovery. In response, defense counsel admits that he received the discovery requests on May 8 and acknowledges that responses were due to be served on or before June 5tbut does *not* say that responses were prepared and sent. Rather, defense counsel states only: "Defendants are unaware why Plaintiff's counsel did not receive the discovery responses." (Doc. No. 30). The Court finds this to be a curious comment. Notably, the motion and response show that defense counsel was not able to provide a copy of the discovery responses when Plaintiff's counsel requested same, which would

seem to indicate that, in fact, responses were not sent or even prepared.[1]  Certainly, if this is true, Defendants surely *are* aware of why Plaintiff's counsel did not receive them.  Regardless of whether defense counsel's failure to timely provide the responses was intentional or unintentional, his failure to acknowledge his responsibility in the matter does not impress the Court.[2]

The motion is **granted, in part.**  The responses are to be provided, in full, **forthwith.**  The issue of sanctions is **deferred,** for consideration, if necessary, at the conclusion of the case.

> **MOTION:** **MOTION FOR LEAVE TO CONDUCT ONE DEPOSITION OUTSIDE THE DISCOVERY PERIOD (Doc. No. 28)**
>
> **FILED:** July 11, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED, in part**.

According to the motion, Defendants disclosed the name of Eder Pichardo, Jr. "for the first time" at depositions on July 9, 2008, and the discovery deadline passed July 11.  In response, Defendants assert that Pichardo, Jr. was "disclosed in the original Rule 26 disclosures served by e-mail and U.S. Mail on December 4, 2007." (Doc. No. 29).  Defendants do not attach any proof of this assertion, however.  The motion is **granted, in part.**  Plaintiff may take one deposition of no longer than two and a half hours in length.  The parties are directed to cooperate in scheduling same.

**DONE** and **ORDERED** in Orlando, Florida on July 21, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] Defense counsel states that upon being advised of the missing discovery, "Defendants duplicated the discovery responses and are in the process of re-executing and forwarding same to Plaintiff's attorney."

[2] While stating the discovery is just now being provided, Defendants nonetheless insist that they "have done nothing to delay or hinder the discovery process."  While the failure to respond to discovery may have been inadvertent, it did delay discovery and counsel should be professional enough to acknowledge that.

-3-

Copies furnished to:

Counsel of Record

Case 6:07-cv-01056-DAB   Document 31   Filed 07/21/08   Page 3 of 3 PageID 152

-3-