# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARIA DE BENAVIDE,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-1056-Orl-28DAB**

**CARIBBEAN QUALITY, INC., GLENYS PICHARDO, EDER PICHARDO,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO COMPEL PLAINTIFF TO SIGN JOINT SETTLEMENT AGREEMENT (Doc. No. 37)**
>
> **FILED:** August 18, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Defendant seeks to compel Plaintiff to enter into a settlement agreement, based on a theory that her earlier worker's compensation settlement necessarily included this subsequently filed Fair Labor Standards Act claim, and thus, the claim is barred.

Initially, the Court notes that the FLSA action was filed on June 22, 2007, and Defendant's initial Answer and Affirmative Defenses (Doc. No. 8, filed July 31, 2007) did not raise the issue asserted here. Accord and satisfaction is an affirmative defense which must be raised in responding to the complaint, as is the defense of waiver. Rule 8(c), Federal Rules of Civil Procedure. The issue

was not raised by Defendants until the Amended Answer (which included a defense of waiver) and Counterclaim for breach of contract, filed February 13, 2008 (Doc. No. 22). The motion seeks, under the guise of a motion to compel, essentially adjudication of the merits of this defense/counterclaim, and injunctive relief, to the extent it seeks an order compelling Plaintiff to sign a Joint Settlement Agreement. Such relief is unavailable in this context.

Due process requires that adjudication of the merits be had either at trial, or if addressed summarily, by compliance with (and pursuant to) the summary judgment standards set forth in Rule 56, Federal Rules of Civil Procedure. The instant motion does not comply with that standard. The Counterclaim asserts that Plaintiff breached the release "contract" and seeks judgment in Defendant's favor in the form of dismissal of the FLSA claim, an award of damages for breach of contract, and fees and costs. Nothing in the Counterclaim asks the Court for the relief sought here: namely, interpreting a general release and settlement in a worker's compensation case to require Plaintiff to enter into a "joint" settlement agreement of her latter filed FLSA claim. Moreover, the "facts" in the motion are not properly supported, as required by Rule 56. In view of the fact that Plaintiff has filed a motion for partial summary judgment in her favor as to the counterclaim (Doc. No. 38), the instant motion is **denied without prejudice** to assertion of the arguments (but not the relief sought) in response to that motion.

**DONE** and **ORDERED** in Orlando, Florida on August 20, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record